Head *v.* Merrill.

HEAD *versus* MERRILL AND AGAINST THE LEWISTON WATER POWER COMPANY, AS HIS TRUSTEES.

In the process of foreign attachment, upon exceptions to the rulings as to the supposed trustees' chargability, this Court must examine the disclosures, in order to decide the preliminary statute question, whether "justice requires a revision."

A corporation, summoned as trustees, may disclose by attorney.

Such attorney need not be a member of the corporation or their general business agent.

The answers made by such attorney are to be considered true, until disproved.

When, (after due examination and inquiry,) he shall have answered all the interrogations, according to his best information and belief, if his statements show that the corporation had no goods, effects or credits of the defendant, and if no opposing proof is introduced, the supposed trustees are to be discharged, although he, the disclosing attorney, had no personal knowledge of the dealings between them and the defendant, but derived his information wholly from the books of the corporation and the statements of their officers.

ON EXCEPTIONS from the *District Court*, RICE, J.

The supposed trustee was a corporation. John Goodenow appeared as their attorney, authorized by their cashier to disclose, and he answered interrogations on oath in substance as follows: —

"The company had in their hands and possession no goods, effects or credits of the principal defendant; — I am not their general business agent; — I know nothing personally of their dealings with the defendants; — the cashier informs me that the company owed nothing to the defendant. According to my best information and belief, and after due inquiry made and personal examination of the company's accounts with the principal defendant, the company were not owing him at the time of the service of the writ on them; the defendant rendered services for the company, but the company had law-

Head *v.* Merrill.

ful claims and demands against him, sufficient to overbalance the price of said services. — I have been informed by the cashier that, (though he has no actual knowledge of the fact,) there was an informal submission by parol, of certain claims which the defendant had against the company, but not of all claims between the parties, and that there was stated to be a certain sum due the defendant, and that the company had demands against him exceeding the amount that said referees reported to be due to him in the matter referred, and I am informed and believe that, on all contracts between the company and the defendant, the claims of the company at all times exceeded that of the defendant against them.

The Judge ruled that the company were chargable as trustees, and they filed exceptions.

*J. Goodenow,* for the trustees.

The trustees, by their attorney, disclosed that they had no effects, &c. This was conclusive, unless contradicted or controlled by some other matters in the case. But there was nothing tending to contradict or control it. If the plaintiff had wished more exact or minute information, he could have elicited it by appropriate interrogatories.

*Record,* for the plaintiff.

The supposed trustees have made no proper and sufficient disclosure. They have not appeared and disclosed by an *agent,* or any *officer* or *member* of the company, by whom they could have shown whether they had any goods, effects or credits in their hands of the principal defendant's, or not.

§ 8 of c. 119 of the R. S. allowing corporations to disclose by "agent or attorney," contemplates that such agent or attorney be so connected with the corporation as to have a full and personal knowledge of all matters between the corporation and principal defendants, and be enabled to make a complete and satisfactory disclosure of such matters. This is due to the plaintiff. He has a right to know the transactions between the supposed trustees and principal defendants. In this case, the plaintiff has been deprived of such information. The answers are entirely unsatisfactory. They show

no reason why the company should not be charged. Trustees will be holden, unless sufficient matter appear in their answers to discharge them; and in all doubtful cases their answers will be construed most strongly against them. *Lamb v. Franklin Man. Co.* 18 Maine, 187; *Sebor* v. *Armstrong,* 4 Mass. 206; *Webster* v. *Gage,* 2 Mass. 503. The attorney, by his own showing, had not the necessary knowledge to enable him to disclose any facts pertinent to the matter in issue, but was able only to give the statements of some person whom he calls cashier of the company, an officer usually unknown in such companies. And it does not appear whether the person called cashier had any knowledge of the matters inquired of by plaintiff's counsel.

If the company had paid for the defendant's services, they could have shown it. And it was their duty to state the facts, not to draw conclusions.

Though the company have had sufficient opportunity, they have failed to make a full disclosure, and should therefore be charged as on default of an answer. *Shaw* v. *Bunker,* 2 Metc. 376.

The exceptions are indefinite, presenting no question for the Court. They point out no error in the ruling. They simply refer to the disclosure. But in order to be available, exceptions should be specifically taken at the trial. A reference in a bill of exceptions to papers and documents used at the trial, does not make them a part of the exceptions. *Wyman* v. *Wood,* 25 Maine, 436; *Kimball* v. *Irish,* 26 Maine, 444; *Irving* v. *Thomas,* 18 Maine, 418.

Nor does the statute of 1849, c. 117, § 2, conflict with those decisions. By that statute, a reëxamination of "the whole matter as to the liability of the supposed trustee, embracing the fact and the law," is left to the discretion of the Court. And how can the Court determine whether justice requires a reëxamination of the disclosures or not, unless the bill of exceptions shows wherein the Judge erred in his "ruling and adjudication"?

Head *v.* Merrill.

APPLETON, J. — The supposed trustees in this case were charged by the presiding Judge, before whom the question as to their liability arose, and to his ruling and adjudication exceptions have been duly alleged. It is insisted, that the exceptions are indefinite and present no question of law for the consideration of the Court, as they only refer anew the questions of law and fact upon the disclosure, upon which a decision has already been had for the determination of this Court. Whatever may have been the law before stat. 1849, c. 117, that Act provides, that in all cases under the trustee process, where exceptions are taken to the ruling and decision of a single Judge, "the whole matter as to the liability of the supposed trustee, embracing the fact and the law, may be reexamined and determined by the full Court when in the opinion of the Court justice shall require;" or, if the action was pending in the District Court, when in the discretion of the Supreme Judicial Court justice shall require. The duty is thus devolved on this Court to ascertain what may be the requirements of justice. To their judgment the matter is referred. The tribunal of ultimate resort cannot form an opinion whether or not justice has been done without reëxamining the disclosure to determine for itself both the law and the fact. To exercise a sound judicial discretion, a knowledge of the law and the facts, to which that discretion is to be applied, would seem to be indispensable. The disclosure, therefore, must in all cases be reëxamined and is properly before us for that purpose. The cases cited by the counsel for the plaintiff as to the conclusive effect of the judgment of the Court to whose decision exceptions have been taken as to any question of fact arising in the disclosure, would seem no longer applicable.

The disclosure is to be taken as a whole, and from an examination of its contents we are to determine whether or not the trustees are to be charged.

The disclosure in this case is made by the attorney of the corporation, who in his examination makes answer, that according to his best information and belief, and after due inquiry made and personal examination of said company's ac-

counts with said principal defendant, said company were not owing the said defendant at the time of the service of the plaintiff's writ on them; that said defendant had rendered services for the said company, but that said company had lawful and just demands against said defendant sufficient to overbalance said defendant's claim for said services; and in conclusion it is added, " that said attorney is informed and believes, that on all contracts between said company and said principal defendant, the claim of said company at all times exceeded those of the said defendant against them arising on said contracts."

The disclosure of a corporation, summoned as trustee, can only be made by their agent or attorney. The agent or attorney who may be appointed for that purpose is not necessarily a member of the corporation, and he must ordinarily rely to a great extent on the books of the company and on the contracts which purport to have been made between such company and other parties. In the disclosure here presented all interrogatories have been answered. No inquiries have been made as to the items, which constitute the mutual indebtedness between the defendant and the trustee. The books and contracts of the company have not been demanded. No inquiries have been made calculated to elicit all the material facts necessary to enable the Court to understand the true relations of the parties. By statute, 1842, c. 31, § 33, the answer of the trustee is to be considered as true in deciding how far he is chargable until the contrary is proved. No evidence has been offered to show any error or mistake in the conclusions set forth in the disclosure. The case of *Shaw* v. *Bunker*, 2 Metc. 376, is not in point. There the trustee refused to answer interrogatories deemed pertinent by the Court, though the case had been continued for years to enable him to do it, or to state an account of his dealings with the defendant so far as he kept an account of them. No such facts exist in this case.

The further objection is taken, that the disclosure was not made by an agent or attorney of the company.

The disclosure shows that it was not made by the general agent of the company. That however is not necessary. It may be made equally by a special as a general agent ; by one not a member as by a member of the company, according to their discretion in the premises. If Mr. Goodenow was not duly authorized, as the plaintiff claims to be the case, the company should not be bound, as upon their disclosure, by one acting without authority. If he was authorized, then, as already has been seen, the company should not have been charged.

The exceptions are sustained. The cause is remanded to the county docket, and there such further inquiries may be made, as the plaintiff in the prosecution of his rights may deem advisable.

SHEPLEY, C. J., and TENNEY and HOWARD, J. J., concurred.